# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

IN THE MATTER OF: ) No. B-09-80319 C-3D
Granville R. Jones )
Teresa Z. Jones )
 )
   Debtor(s) )

## ORDER ALLOWING SUBSTITUTION OF COLLATERAL AND ATTORNEY FEES

THIS MATTER having come before the Court for hearing pursuant to the motion by the Debtors for substitution of collateral and for attorney fees; and all interested parties having received proper notice of the hearing, at the hearing, Edward Boltz, Esq. appeared on behalf of the Debtor, and Richard M. Hutson, II, Standing Trustee appeared; the Court makes the following:

## FINDINGS OF FACT

1. The Debtors filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on February 26, 2009.

2. At the time the Debtors filed the Chapter 13 petition, the Debtor owned a 2005 Chrysler Town & Country, on which Wachovia Dealer Services (hereinafter "the Creditor") held a valid first lien.

3. The Creditor is being paid through disbursements by the Trustee pursuant to the Confirmation Order in this case.

4. The 2005 Chrysler Town & Country was involved in an accident and was deemed a total loss.

5. The loss of the 2005 Chrysler Town & Country leaves the Debtors without reliable transportation. A vehicle is necessary to the Debtor's reorganization.

6. The vehicle was insured with The Cincinnati Insurance Company at the time of the accident.

7. The current approximate balance owed to the Creditor on its secured claim is $10,714.96.

8. The Cincinnati Insurance Company is holding the insurance proceeds of $12,830.00.

9. The Debtors' request for substitution of collateral would not cause undue hardship upon the Creditor and replacement of the collateral would not adversely affect the Creditor's secured claim in this case.

10. To allow the Creditor to retain the insurance proceeds as a result of this accident would seriously jeopardize the Debtors' reorganization and would place the Creditor in a position of being paid early at the expense of the Debtors' reorganization.

11. The Creditor should be required to forward the clear title to the vehicle to The Cincinnati Insurance Company upon written notification from the Debtors' attorney that the insurance proceeds have been received by the Debtors' attorney.

12. The Debtors incurred reasonable and necessary attorney fees in the prosecution of this Motion.

BASED UPON THE FOREGOING FINDINGS OF FACT, THE COURT CONCLUDES AS A MATTER OF LAW:

1. This Court has jurisdiction over the parties and subject matter of this action.\

2. The loss of the 2005 Chrysler Town & Country leaves the Debtors without reliable transportation necessary for reorganization.

BASED UPON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS ORDERED AS FOLLOWS:

1. The Debtors are allowed to substitute collateral, as a result of which the Creditor will release its lien on the 2005 Chrysler Town & Country and obtain a first lien upon the replacement vehicle.

2. The replacement vehicle chosen by the Debtors must be mutually acceptable to the Debtors and the Creditor and must be comparable in value to the 2005 Chrysler Town & Country. Prompt consent (within twenty-four hours) shall not be unreasonably withheld or delayed by the Creditor.

3. The insurance proceeds from the 2005 Chrysler Town & Country shall be paid by the insurance company forthwith to the trust account of the Debtors' attorney, to be held by the attorney and released to the seller of the replacement vehicle only under such circumstances that the Creditor is entered as the first lienholder on the title to the replacement vehicle.

4. The Debtors' attorney shall upon receipt of the insurance proceeds immediately provide written notification to the Creditor that the insurance proceeds have been received and that the clear title to the vehicle should be immediately turned over to the insurance company.

5. The Creditor is required to immediately forward the clear certificate of title to the insurance company upon notification by the Debtors' attorney that the insurance proceeds have been received.

6. Any insurance proceeds not used for the purchase of the replacement vehicle shall be delivered by the Debtors' attorney to the Trustee for disbursement on the Creditor's secured claim.

7. The Debtors' attorney is allowed the presumptive fee of $450.00 for services in connection with this motion, to be paid through disbursements by the Trustee.

PARTIES IN INTEREST
Page 1 of 1
09-80319 C-13D

Granville R. Jones
Teresa Z. Jones
3418 Angus Road
Durham, NC 27705

John T. Orcutt, Esq.
6616-203 Six Forks Road
Raleigh, NC 27615

Richard M. Hutson II, Esq.
Standing Trustee
Post Office Box 3613
Durham, NC 27702-3613

Wachovia Dealer Services
Attn: Managing Agent
Post Office Box 19657
Irvine, CA 92623-9657

The Cincinnati Insurance Companies
Attn: Sally Minnich
Post Office Box 145496
Cincinnati, OH 45250